Wardlaw, J.
delivered the opinion of the Court.
This case depends upon the construction that shall be given to the words that were employed, by the grantor, in describing the subject of his conveyance and covenant. It is one of the many cases that are perplexed by the unskilfulness of those who sometimes undertake the business of conveyancing. Our familiar forms are easily copied in all those parts which are common to all ordinary conveyances; hut the description of the subject must always be adapted to the particular instance, and, therefore, in this, one of the most important parts of every conveyance, blundering and miscarriage most frequently occur.
By paraphrase of the descriptive part of the deed before us, it will be seen that it first loosely mentions some of the boundaries of a whole tract; second, defines the whole tract by specifying to whom and \vhen it was granted for a certain number of acres ; third, makes known that part of it is claimed by the heirs of Robert Goode; fourth, declares that only two hundred acres are conveyed; fifth, declares that the parcel claimed as aforesaid is not conveyed, but all the excess over that claim is; and sixth, provides that the excess over the claim shall belong to the grantee, even if it should be found to be more than 200 acres. The substance is the same as if the description had been written thus: “ Two hundred acres of a tract of land which was granted to John A. Owens, together with whatever more there may be found to be *203 (if any more there be) of the said tract, which is not claimed by the heirs of Goode.” Or thus: “ All the tract grantéd to t Owens, except the part claimed by Goode, which exceptionv shall not reduce the tract below two hundred acres.”
2 M’C. 440.
1 M’C. 584. 2 sPear>68•
5 Mass. 355.
19 Johns. 97.
The declaration that the grantor conveys only 200 acres, is equivalent to a declaration that he does convey 200 acres: the reference to the claim of Goode, as a thing whose extent is to be found, coupled with the conveyance of 200 acres, is a representation that, at least, 200 acres will remain after satisfaction of that claim ; and the provision for the grantee’s right, in case that more than 200 acres should remain, with entire silence as to the case of less remaining, and the omission of the words “ more or less,” or any words expressive of uncertainty, show that quantity was in the contemplation of the parties, and that the number of acres was an essential part of the contract, and not a mere circumstance added to a description already precise. The intention from the whole appears to have been to create a stipulation, that the part conveyed should be at least two hundred acres.
The intention to stipulate as to quantity, seems, in this case, stronger than in the case of Talbert v. Mason, for there was the description of a tract whose general situation was specified, containing 360 acres, bounded by lands of M. W. p. and others. The only circumstances giving force to the mention of quantity, were, the indefiniteness introduced by the word others, and the omission of more or less ; and the case is a dangerous one, which should be carefully considered, when its principles are to be at all extended. The decision, now made, does not impugn the authority of Bond v. Quattlebum, Bauskett v. Jones, or any other case which decides that where, by a plat, a reference to monuments and boundaries, or other certain description, a tract of land is ascertained, the number of acres mentioned in the description is not essential.
Other cases have been strong pressed upon the majority of the Court, in opposition to the view which they have taken ; but it is believed that none of them will, when fully exam-ed, be found to be at all in conflict with this opinion. A detail here of what may be easily referred to elsewhere is useless, and, therefore, those cases will be hastily passed over.
Powell v. Clark, recognizing fully that the contract, in such cases, depends upon the intention to be collected from the deed, decides only (as our cases last above mentioned do) that when the description is otherwise certain, the quantity expressed is immaterial.
In Whallon v. Kauffman, turning also upon intention and construction, there was a conveyance of one-half of a tract, whose limits were ascertained, except parcels which had been sold to S. II. and M. — “ the said half, over and above the *204 exceptions, containing, by estimation, 600 acres, but warranted to contain at least 500 acres” — and general covenants were added. The grantee enjoyed more than 500 acres— but other parts, beyond the exceptions, were taken away by paramount title. It was held that the general covenants were restrained by the special one, so that there was no right of complaint, so long as 500 acres were held under the deed. The case before us is the converse of that: it is as if complaint had, there, been made that the half tract was reduced below 500 acres. If a general covenant is restrained, by a particular one, so it may be confirmed and explained, by a particular one; and here the general warranty is aided by the stipulation, (which a construction of the deed discloses,) that the quantity should be at least 200 acres.
3d vol. MSS. Columbia, p. 386, 503.
The case of Waters v. Caldwell, which was twice in the Court of Appeals, and never reported, is of very little value; for it presented merely a question of fact, whether a line had, by agreement, been established between two parties, who claimed under deeds made, at different times, by the same grantor. In the last opinion, Judge Colcock refers to 5 Mass. 355, and distinguishes the case, then on hand, from Talbert v. Mason, (perhaps confounding the two in his statement of them) — but he decides, only, that the Court would not disturb a verdict found upon doubtful evidence.
To return to our case; the stipulation as to quantity, taken in connexion with the words which were used concerning Goodes’s claim, amounts, in effect, to a covenant that that claim does not cover more of the grant than the excess over 200 acres. The breach assigned in the declaration is substantially a breach of the covenant thus expressed; and although we see enough to believe that the pleadings have not been very formal, we are of opinion that the result which has been attained, may be allowed to stand. It is conformable to our view of the rights of the parties, under the deed ; is supported, as we must presume, by just conclusions, drawn by the jury, from the evidence; and is such as correct pleading would have reached. So far as we are enabled to perceive, the pleading which has been had may suffice to sustain it.
The motion is dismissed.
Evans, J. — Frost, J. — and Withers, J. — concurred. •

Motion refused.